IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL HOGSETT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 16-CV-779-SMY |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Samuel Hogsett moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based upon the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2251 (2015) (Doc. 1). For the following reasons, Petitioner's Motion will be **DISMISSED with prejudice**.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 16, 2005, Petitioner Samuel Hogsett, was charged by a federal grand jury in a one-count indictment with being a felon in possession of a firearm. (*see* Case No. 05-CR-30196, Doc. 1). A superseding indictment was issued on March 22, 2006, adding charges of possession with intent to distribute cocaine and possession of a firearm in connection with that drug-trafficking crime. (*Id.*, Doc. 27). Hogsett was convicted on all three Counts by a jury. (*Id.,* Docs. 93-95).

On April 20, 2007, the United States Probation Office filed a Presentence Investigation Report ("PSR") (*Id.*, Doc. 106). According to the PSR, the statutory range for imprisonment for Count 1 was not less than 15 years, not more than 20 years for Count 2, and at least five years for

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL HOGSETT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 16-CV-779-SMY |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Samuel Hogsett moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based upon the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2251 (2015) (Doc. 1). For the following reasons, Petitioner's Motion will be **DISMISSED with prejudice**.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 16, 2005, Petitioner Samuel Hogsett, was charged by a federal grand jury in a one-count indictment with being a felon in possession of a firearm. (*see* Case No. 05-CR-30196, Doc. 1). A superseding indictment was issued on March 22, 2006, adding charges of possession with intent to distribute cocaine and possession of a firearm in connection with that drug-trafficking crime. (*Id.*, Doc. 27). Hogsett was convicted on all three Counts by a jury. (*Id.,* Docs. 93-95).

On April 20, 2007, the United States Probation Office filed a Presentence Investigation Report ("PSR") (*Id.*, Doc. 106). According to the PSR, the statutory range for imprisonment for Count 1 was not less than 15 years, not more than 20 years for Count 2, and at least five years for

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL HOGSETT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 16-CV-779-SMY |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Samuel Hogsett moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based upon the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2251 (2015) (Doc. 1). For the following reasons, Petitioner's Motion will be **DISMISSED with prejudice**.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 16, 2005, Petitioner Samuel Hogsett, was charged by a federal grand jury in a one-count indictment with being a felon in possession of a firearm. (*see* Case No. 05-CR-30196, Doc. 1). A superseding indictment was issued on March 22, 2006, adding charges of possession with intent to distribute cocaine and possession of a firearm in connection with that drug-trafficking crime. (*Id.*, Doc. 27). Hogsett was convicted on all three Counts by a jury. (*Id.,* Docs. 93-95).

On April 20, 2007, the United States Probation Office filed a Presentence Investigation Report ("PSR") (*Id.*, Doc. 106). According to the PSR, the statutory range for imprisonment for Count 1 was not less than 15 years, not more than 20 years for Count 2, and at least five years for

Count 3, to run consecutively to any other Count. (*Id.* at ¶ 95). The PSR concluded that Hogsett had three prior violent felony convictions, each of which was committed after the age of 18:

1. Robbery (Madison County case no. 01-CF-1790);

2. Aggravated Discharge of a Firearm (Madison County case no. 03-CF-2920); and

3. Aggravated Robbery (Madison County case no. 03-CF-3225).

As such, Probation found that he qualified for an Armed Career Criminal enhancement for Count 1 under the United States Sentencing Commission Guidelines (U.S.S.G.) § 4B1.4, and that the two-prior-crimes-of-violence requirement for a Career Criminal enhancement under U.S.S.G. § 4B1.1 was satisfied as to Count 2. (*Id.* at ¶¶ 41, 52 and 55).

The resulting Guidelines range for imprisonment was 360 months to life. (*Id.* at ¶ 95). On April 20, 2007, District Court Judge William Stiehl adopted the PSR without change and sentenced Hogsett to a term of imprisonment of 355 months: 295 months on Count 1; 240 months on Count 2 to run concurrent with Count 1; and a consecutive sentence of 60 months on Count 3. (Case No. 05-CR-30196, Docs. 109 and 110).

Hogsett filed a direct appeal (Case No. 07-1939), and the Seventh Circuit affirmed (Case No. 05-CR-30196, Doc. 141). Hogsett subsequently filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in this Court, challenging his conviction and sentencing on numerous grounds, including ineffective assistance of counsel and that the conviction came as a result of violations of his Fourth, Fifth and Sixth Amendment rights. (Case No. 10-cv-0010, Docs. 1, 7). The Petition was denied (*Id.*, Doc. 29), and Hogsett has continued filing motions and appeals in that case.

On June 24, 2016, Hogsett filed an application with the Seventh Circuit for permission to file a successive petition for relief under § 2255. (Case 16-2664, Doc 1). Citing the Supreme

Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (*Johnson II*), he requested leave to challenge the use of his aggravated discharge of a firearm conviction as one of his predicate convictions. The Seventh Circuit granted leave on July 12, 2016 and the case was transferred to this Court.[1] [2]

**DISCUSSION**

Under Rule 4(b) of the Rules Governing Section 2255 Cases, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.". Relief under 28 U.S.C. § 2255 is limited. Unlike a direct appeal in which a defendant may complain of nearly any error, § 2255 may be used only to correct errors that vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude. *Blake v. United States*, 723 F.3d 870, 878 (7th Cir. 2013).

"Pursuant to § 2255, the district court has discretion to deny an evidentiary hearing where the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief" (*Id.*) at 641-642 (citing *United States v. Kovic*, 830 F.2d 680 (7th Cir. 1987). The Court finds that an evidentiary hearing is not warranted in this case. The issues can be resolved on the existing record, which conclusively demonstrates that Hogsett is not entitled to the relief he

---

[1] Under Section 2255(f)(3), a litigant in this situation may bring an otherwise-untimely suit within 1 year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." This limitation period begins when the Supreme Court declares a new right, not when courts first acknowledge that right to be retroactive. *Cross v. United States*, 892 F.3d 288, 293 (7th Cir. 2018). The Supreme Court issued the Opinion in *Johnson* on June 26, 2015. The Petition was filed in this Court on July 12, 2016; more than two weeks after the 1-year cutoff. However, it was attached to the Petition to the Seventh Circuit for leave to file a second or successive 2255 motion, which was filed on June 24, 2016. The Court will therefore treat the current Motion as timely.

[2] Hogsett subsequently filed a Motion to Correct (Doc. 5) in September, seeking to import into this case two filings he made in the 10-cv-0010- one for bond and one asserting other attacks on the propriety of his sentencing. The Court denies this Motion. In addition to being untimely, "supplementing" his 2255 Motion would be tantamount to piecemeal amendment of his pleading.

requests. *See* Rule 8(a) of Rules Governing Section 2255 Proceedings; *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

The ACCA (18 U.S.C. § 924(e)) provides that the minimum sentence for felons convicted of possessing handguns is fifteen years imprisonment when the defendant has been previously convicted three separate times for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). Section 924(e) defines a violent felony as a crime punishable by imprisonment for a term exceeding one year that 1) "has as an element the use, attempted use, or threatened use of physical force" (a felony under the "elements clause"); 2) is "burglary, arson, or extortion" (a felony under the "enumerated offenses clause"); or 3) that "otherwise involves conduct that presents a serious potential risk of physical injury to another" (a felony under the "residual clause"). Id. § 924(e)(2)(B)(i)-(ii).

In *Johnson II,* the Supreme Court held that § 924(e)'s residual clause is unconstitutionally vague, meaning that a conviction must qualify as a violent felony under the elements clause or the enumerated offenses clause to support a sentence under the statute. 135 S. Ct. at 2557; *Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016). *Johnson II* retroactively applies to convictions and sentences entered prior to the Supreme Court's Decision in that case, allowing collateral review of those cases. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

Hogsett makes two different arguments in his Petition for Leave to File a Second or Successive §2255 Motion and the Motion itself. In the former, he argues that without the unconstitutionally-vague residual clause, his prior conviction for aggravated discharge of a firearm does not qualify as a "violent felony" under the ACCA. (Doc. 1 at 7-8). In his actual Motion, he argues that the residual clause of the Career Offender designation (U.S.S.G. 4B1.1 and 1.2) violates the Constitution under *Johnson II*, asserting that the aggravated discharge of a

firearm charge does not constitute a "crime of violence." (*Id.* at 26-29). Hogsett later filed a "Supplement" asking that the Court "change any mention of care[e]r criminal and put in Armed Care[e]r Criminal because the Petitioner was given the 924(e) not the care[e]r criminal." (Doc. 3). The two designations are not interchangeable because the Career Offender Sentencing Guideline is not subject to challenge under the void-for-vagueness doctrine underlying *Johnson II*. *Beckles v. United States*, 137 S. Ct. 886, 894 (2017). The Court will nevertheless address Hogsett's ACCA challenge.

Hogsett was convicted in state court for violation of Illinois law. Under Illinois law, the crime of aggravated discharge of a firearm is defined by statute at 720 ILCS 5/24-1.2. Under the statute as it existed at the time of Hogsett's state conviction,[3] a person commits aggravated discharge of a firearm when he or she knowingly or intentionally:

> (1) Discharges a firearm at or into a building he or she knows or reasonably should know to be occupied and the firearm is discharged from a place or position outside that building;
>
> (2) Discharges a firearm in the direction of another person or in the direction of a vehicle he or she knows or reasonably should know to be occupied by a person;
>
> (3) Discharges a firearm in the direction of a person he or she knows to be a peace officer, a community policing volunteer, a correctional institution employee, or a fireman while the officer, volunteer, employee or fireman is engaged in the execution of any of his or her official duties, or to prevent the officer, volunteer, employee or fireman from performing his or her official duties, or in retaliation for the officer, volunteer, employee or fireman performing his or her official duties;
>
> (4) Discharges a firearm in the direction of a vehicle he or she knows to be occupied by a peace officer, a person summoned or directed by a peace officer, a correctional institution employee or a fireman while the officer, employee or fireman is engaged in the execution of any of his or her official duties, or to prevent the officer, employee or fireman from performing his or her official duties, or in retaliation for the officer, employee or fireman performing his or her official duties;

---

[3] Effective April 13, 2000 until December 31, 2006.

(5) Discharges a firearm in the direction of a person he or she knows to be an emergency medical technician-ambulance, emergency medical technician-intermediate, emergency medical technician-paramedic, ambulance driver, or other medical assistance or first aid personnel, employed by a municipality or other governmental unit, while the emergency medical technician-ambulance, emergency medical technician-intermediate, emergency medical technician-paramedic, ambulance driver, or other medical assistance or first aid personnel is engaged in the execution of any of his or her official duties, or to prevent the emergency medical technician-ambulance, emergency medical technician-intermediate, emergency medical technician-paramedic, ambulance driver, or other medical assistance or first aid personnel from performing his or her official duties, or in retaliation for the emergency medical technician-ambulance, emergency medical technician-intermediate, emergency medical technician-paramedic, ambulance driver, or other medical assistance or first aid personnel performing his or her official duties;

(6) Discharges a firearm in the direction of a vehicle he or she knows to be occupied by an emergency medical technician-ambulance, emergency medical technician-intermediate, emergency medical technician-paramedic, ambulance driver, or other medical assistance or first aid personnel, employed by a municipality or other governmental unit, while the emergency medical technician-ambulance, emergency medical technician-intermediate, emergency medical technician-paramedic, ambulance driver, or other medical assistance or first aid personnel is engaged in the execution of any of his or her official duties, or to prevent the emergency medical technician-ambulance, emergency medical technician-intermediate, emergency medical technician-paramedic, ambulance driver, or other medical assistance or first aid personnel from performing his or her official duties, or in retaliation for the emergency medical technician-ambulance, emergency medical technician-intermediate, emergency medical technician-paramedic, ambulance driver, or other medical assistance or first aid personnel performing his or her official duties; or

(7) Discharges a firearm in the direction of a person he or she knows to be a teacher or other person employed in any school and the teacher or other employee is upon the grounds of a school or grounds adjacent to a school, or is in any part of a building used for school purposes.

720 ILCS 5/24-1.2(a) (2000). Violations of subsections 1 or subsection 2 were Class 1 felonies, and violations of subsections 3-7 were enhancements that upgraded the crime to a Class X felony based on the identity of the characteristics of the person shot at. 720 ILCS 5/24-1.2(b).

The crime is composed of two elements: (1) knowing and intentional discharge of a firearm; (2) in the direction of another person. *People v. Leach*, 952 N.E.2d 647, 654 (Ill. App.

2011). *See Johnson v. United States*, 559 U.S. 133, 140 (2010) (*Johnson I*) (noting that Federal courts are bound by the state's interpretation of state law, including its determination of the elements). Here, the elements of the crime fit the definition of "violent felony" under the elements clause of § 924(e) – a crime that has as an element the use, attempted use, or threatened use of physical force against the person of another. "[I]n the context of a statutory definition of 'violent felony,' the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson I*, 559 U.S. at 140. Using a firearm involves such a "physical force" – it is the essential purpose of a firearm. Moreover, when the firearm is discharged in the direction of another person or a vehicle or building which the shooter knows or reasonably should know to be occupied, "that use, attempted use, or threatened use of physical force is against the person of another." *United States v. Curtis*, 645 F.3d 937, 940 (7th Cir. 2011); *see also United States v. Aguilar–Patino,* 557 Fed.Appx. 586, 587 (7th Cir.2014) (noting that aggravated discharge of a firearm in violation of 720 ILCS 5/24-1.2 is "unquestionably" the use of physical force against the person of another). Thus, any conviction under the Illinois aggravated discharge of a firearm statute inherently and categorically satisfies the elements clause definition of a violent felony for purposes of the ACCA.

This conclusion is consistent with the Seventh Circuit's interpretation of the identical relevant language in the Career Offender Sentencing Guideline (U.S.S.G. §4B1.2). Section 4B1.2 has an elements clause defining a "crime of violence" in the same way as the ACCA's elements clause defines a "violent felony"; an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). The Seventh Circuit has found that an aggravated discharge of a firearm conviction in Illinois categorically satisfies this definition. *United States v. Womack*, 732 F.3d 745, 749 (7th Cir.

2013) (citing *Curtis*, 645 F.3d at 941). Although there are other aspects of the Career Offender definition that differ from the ACCA (such as treatment of inchoate offenses or juvenile adjudications), the identical language of the elements clauses should be treated identically. *See United States v. Templeton*, 543 F.3d 378, 380 (7th Cir. 2008). As such, Hogsett's conviction under 720 ILCS 5/24-1.2 is a valid predicate offense for the Armed Career Criminal enhancement under § 924(e) and U.S.S.G. §4B1.4.

Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255 (Doc 1) is **DENIED**, all pending motions are **DENIED as moot** and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Cases instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. §2253(c)(2), a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012), *Tennard v. Dretke*, 542 U.S. 274, 281 (2004), *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the above reasons, the Court has determined that Hogsett has not stated any grounds for relief under § 2255, and that reasonable jurists would not find that conclusion debatable or wrong. Therefore, Hogsett has not made a "substantial showing of the denial of a constitutional

right," and a certificate of appealability will not be issued.

**IT IS SO ORDERED.**

**DATED: November 6, 2018**

                                                    **s/ Staci M. Yandle**
                                                  **STACI M. YANDLE**
                                                  **United States District Judge**