In The United States District Court
For The Southern District of Illinois
East St. Louis

Samuel Hogsett )
Petitioner )
)
Vs. ) Case # civ. 16-774-SMY
) crim. 05-30196-SMY
United States of America )
Respondent )
)
)

Motion to Amend/Replace letter wrote to the Court on 1/15/19. Motion to Correct Statue in Indictment and evidentiary hearing; § 3583(e) Correct Conditions of release; and Motion for Appointment of Counsel.

## Prior History.

Petitioner was found guilty, after a jury trial, of being a felon in possession of a firearm in violation of 18 u.s.c §§ 922(g)(1) and 924(e); possession with intent to distribute 0.5 grams of cocaine base or a mixture in violation of 21 u.s.c. § 841(a)(1) and 841(b)(1)(b); and possession of a firearm during and in relation to a drug trafficking crime in violation of 18 u.s.c. § 924(e).

(1)

On April 20, 2007, Petitioner was sentenced to 355 months imprisonment, 5 years supervised release, a fine of $750.00, and a special assessment of $300.00. Petitioner filed a direct appeal and his conviction was affirmed by the Seventh Circuit Court of Appeals. United States v. Taylor, 522 F.3d 731 (7th Cir. 2008). Petitioner sought, but was denied, a petition for writ of certiorari from the Supreme Court of the United States Hogsett v. United States, 555 U.S. 1170, 129 S.Ct. 1308, 173 L.Ed.2d 583 (2009).

Arguement

This Motion is to Amend/Replace the letter that the Petitioner wrote on 01/15/19

(1) Motion to correct statue in Indictment and evidentry hearing:

On Count 2 of Petitioner's Indictment he was charged with; possession with intent to distribute 0.5 grams of cocaine base or a mixture in violation of 21 U.S.C § 841 (a)(1) and 841 (b)(1)(b).

Petitioner states that since his Indictment gave him a specific amount of drugs that he should have

been sentenced under what that drug amount statue carries. 21 U.S.C § 841(b)(1)(b) is not the correct statue for the amount of drugs listed in the Petitioner's Indictment. The Petitioner was prejudiced because of this due to the fact that § 841(b)(1)(b) carries a higher minimum statutory penalty and it has to be trigered by a higher drug amount than the 0.5 grams listed in the Petitioner's Indictment. See: Gray v. United States, 833 F.3d 919 (8th cir. June 17, 2016) In this case, given the erroneous crime of conviction, any affidavits, memoranda, or oral remarks originally considered by this district court in reguard of Count 2 of Petitioner's Indictment pertained to the wrong crime. The district court, therefore, did not accurately consider the requirements of 18 U.S.C § 3553(a) and (d).

To sum it all up the Petitioner's senten resulted from a conviction for the wrong crime.

Petitioner is seeking an Evidentry Hearing on this matter because the court can not simpley change the Petitioner's Indictment it must resentence him on the correct statue which will change the Petitioner's: fine range; points; and sentence on that count.

(2.) Motion to Correct conditions of release pursuint to § 3583(e)

The Petitioner ask this court under § 3583(e) to examine only his conditions of release. See: United States v. Thompson, 777 F.3d 368.
The conditions of Petitioner's release play a major role in the Petitioner's ability to live in socity under the rules governened by the Court. The majority of Petitioner's conditions of release are unreasonible and violate the Petitioner's rights.

### (3.) Motion for Appointment of Counsel.

Petitioner is not trained in law, holds no titles or degrees from any law school and will be unable to keep up in any event that this Court should conside this motion and bring the Petitioner back to fix; change; or resentence him in any way.
Petitioner does not have any money to pay for legal fees and is not exspecting to recive any amount of money that any Attorney would even consider. The Petitioner would like the court to consider 18 U.S.C § 3006A(a)(2)(B) when it makes it's judgment in this case.

### Conclusion

Petitioner would like for the Court to consider all

the facts stated in this motion, and if it see's that no relife is to be granted state why for each arguement and let the Petitioner know how long he has to appeal if no relife is to be granted.


I Samuel Hogsett, swear under penalty of perjury that every word is true and correct to my knowledge, and that if this motion is granted and an evidentiary hearing is to be held Petitiner is will to testify on his behalf to every thing that is said in this motion.

Dated: 01/20/2019


Signed: Samuel Hogsett
Samuel Hogsett
FCI Greenville
P.O. Box 5000
Greenville, IL 62246

Samuel Hogsett #07131-025
Federal Correctional Institution Greenville
P.O. Box 5000
Greenville, IL. 62246



SAINT LOUIS MO 630

22 JAN 2019 PM 4 L

⇔07131-025⇔
Distict Court
750 Missouri AVE
E Saint Louis, IL 62201
United States



62201-295429

RECEIVED

JAN 24 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE